Filed 1/17/14  P. v. Hughes CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for
publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication
or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E059474 |
| v. | (Super.Ct.No. FWV17172) |
| MICHAEL WAYNE HUGHES, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

John L. Dodd, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Michael Wayne Hughes appeals after the trial court denied his petition for resentencing under Penal Code section 1170.126, known as the

1

Three Strikes Reform Act of 2012.  (Prop. 36, as approved by voters, Gen. Elec. (Nov. 7, 2012).)[1]  Defendant filed a notice of appeal on August 15, 2013.  We affirm.

PROCEDURAL BACKGROUND

Defendant was charged by information with possession for sale of a controlled substance.  (Health & Saf. Code, § 11378, count 1.)  It was further alleged that, in the commission of count 1, defendant was personally armed with a firearm.  (Pen. Code, former § 12022, subd. (c).)  In addition, it was alleged as to count 1 that  defendant was previously convicted of a violation of Health and Safety Code section 11378, within the meaning of Health and Safety Code section 11370.2, subdivision (a).  The information also charged defendant with possession of a firearm by a felon (Pen. Code, former § 12021, subd. (a)(1), count 2), and possession of methamphetamine while being armed with a loaded, operable firearm (Health & Saf. Code, § 11370.1, subd. (a), count 3).  The information further alleged that defendant suffered two prior strike convictions (Pen. Code, §§ 1170.12, subds. (a)-(d) & 667, subds. (b)-(i)), and that he had served four prior prison terms (Pen. Code, § 667.5, subd. (b)).

A jury found defendant guilty of all counts.  It also found true the allegations that, as to count 1, defendant was personally armed (Pen. Code, former § 12022, subd. (c)), and that he was previously convicted of a violation of Health and Safety Code section 11378, within the meaning of Health and Safety Code section 11370.2,

_____

[1]  All further statutory references will be to the Penal Code, unless otherwise noted.

subdivision (c).[2] The jury further found that he had served four prior prison terms, and that he had two prior strike convictions. The court sentenced defendant to a total term of 57 years to life in state prison. The sentence consisted of the indeterminate term of 25 years to life on count 1, plus three years pursuant to Health and Safety Code section 11370.2, subdivision (c), and one year on each of the four prison priors. The court sentenced him to four years on the armed allegation (Pen. Code, former § 12022, subd. (c)), but stayed that term under Penal Code section 654. On count 2, the court imposed a consecutive term of 25 years to life. On count 3, the court also imposed 25 years to life, but stayed that sentence pursuant to Penal Code section 654. The court subsequently struck the armed allegation under Penal Code former section 12022, subdivision (c).

On March 15, 2013, defendant filed an in pro. per. petition for resentencing under Penal Code section 1170.126. The court denied the petition on the ground that defendant's current conviction for possession of methamphetamine while being armed with a loaded, operable firearm (Health & Saf. Code, § 11370.1, subd. (a)) made him ineligible for resentencing under Penal Code section 1170.126, subdivision (e)(2).

_____

[2] We note that the information alleged this enhancement under Health and Safety Code section 11370.2, subdivision (a). However, the allegation was apparently amended. The jury found true the enhancement allegation under Health and Safety section 11370.2, subdivision (c).

## ANALYSIS

After the notice of appeal was filed, this court appointed counsel to represent defendant. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493], setting forth a statement of the case, a brief statement of the facts, and identifying one potential arguable issue: whether defendant is precluded from obtaining relief under section 1170.126.

Defendant was offered an opportunity to file a personal supplemental brief, which he has not done. Under *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
J.


We concur:


RAMIREZ
P. J.


CODRINGTON
J.

4